THE EAST TENN., VA. & GA. RAILWAY CO. v. SELLERS.

BLECKLEY, C. J.—There was no abuse of discretion in denying a temporary injunction in this case.          *Judgment affirmed.*
March 12, 1890.

Petition for injunction.  Before Judge ATKINSON. Appling county.  At chambers, May 14, 1889.

The railway corporation was owning and operating a railroad from Macon to Brunswick, constructed under a charter granted by the General Assembly, by which the railroad company was given the right to condemn land 75 feet in width, from the centre and on both sides of its road-bed, running parallel with its entire line, and to take possession of and use the same as its right of way for the purpose of constructing and oper-

ating a railroad. The railroad runs through lot of land No. 332 in the 2d district of Appling county. At a point on the railroad and on this lot of land the town of Baxley, a regular station on the road, is situated. In 1872, A. P. Surrency, the lawful owner of this lot, granted to the railroad company the right of way through it. The company cleared and cut out the right of way, 75 feet, on either side of the railroad, went into and remained in actual possession of the land by operating the railroad upon it, peaceably, continuously and uninterruptedly from 1872 to the present time. It is necessary for petitioner to retain possession of its right of way of 75 feet in width from the centre of its track on either side, for the purpose of properly operating the railroad in the transportation of freight and passengers, especially that portion of the right of way in Baxley; and if it is deprived of the possession of the right of way, it is probable that it will suffer great inconvenience and injury, which it would be impracticable and almost impossible to estimate in damages. At present it has but one side-track in Baxley, located on the north side of its road. It may become necessary, by an increase of traffic, for this switch to be enlarged and extended, or sidings put there, for the necessary operation of the road in the transportation of passengers and freight, and in the event of such a contingency the siding and switch facilities would have to be constructed on the north side of the railroad, because the railway depot and the public street running parallel with the railroad are on the southern side. Notwithstanding its absolute right to possession and right of way, Sellers & Co. are erecting a steam saw-mill about 70 feet long, for sawing pine lumber, at a point opposite the north end of its switch or side-track and within about fifty feet of the centre of the main track on the north side in Baxley. They are erecting the

mill on the right of way without the consent of petitioner or any of its authorized agents, and without any lawful authority. Petitioner has frequently requested them to desist, but they continue to build and erect and threaten to erect upon the right of way the sawmill, in total disregard of petitioner's rights. The mill is being erected about 120 yards north of the warehouse and depot, and if it is allowed to be erected, will be a continuous menace and nuisance to petitioner and its railroad, for the reason that petitioner will not only be deprived of that side of its right of way for building switches and siding facilities, but the mill and fixtures and its products and sawdust and other trash and the material that would be produced by it would be very combustible and liable to be set on fire by the sparks that are necessarily thrown from the petitioner's engines, which are constantly passing that particular point; and in the event of a conflagration of the mill, petitioner's road-bed will be destroyed by the fire, and petitioner would be subjected to suit for damages by all persons whose property might be destroyed; and the consequent damage that would accrue to petitioner by the erection of this nuisance cannot be estimated in damages and would cause irreparable damage to petitioner. The prayer is, for injunction restraining Sellers & Co. from building the mill and fixtures; etc. Attached is a deed dated October 10, 1872, from Surrency, conveying to the railroad company "and their successors in office, heirs and assigns, all right of way through lot number 332, 2d district of Appling," reserving for Surrency and his heirs 200 feet right of way on "north side of warehouse above." This petition was verified by one of the plaintiff's attorneys at law, and the allegations were taken as true by the judge; but he refused to grant a temporary injunction, or an order for Sellers & Co., to show cause why

the injunction should not be issued. The plaintiff excepted.

BACON & RUTHERFORD and GRAHAM & CARTER, by brief, for plaintiff.

G. J. HOLTON & SON, by brief, for defendants.